**In re VIRGINIA STORE FIXTURES, INC., a Virginia corporation, Debtor.**

**Frank J. SANTORO, Trustee, Plaintiff,**

v.

**Harold COHEN, Carolyn Cohen, and Leslie A. Grimstead, Defendants.**

Bankruptcy No. 84–01542–N.
Adv. No. 86–0253–N.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

May 30, 1986.

Wayne G. Souza, Pickett, Lyle, Siegel, Drescher & Croshaw, P.C., Virginia Beach, Va., for Harold & Carolyn Cohen.

Robert H. Powell, III, Williams, Worrell, Kelly & Greer, P.C., Norfolk, Va., for Leslie A. Grimstead.

## MEMORANDUM ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This is to prevent control of the Court's docket by the parties. If this is not done, in a setting of thousands of bankruptcies, 500 persons filing in the Norfolk and Newport News Divisions during the month of April, this Court, a court, loses control of its docket.

On March 24, 1986, the trustee for Virginia Store Fixtures, Inc., filed a complaint for recovery of property. Summons and Notice of Trial was issued by the Court on April 8th, served by the plaintiff on Harold Cohen, Carolyn Cohen and Leslie A. Grimstead, with Grimstead answering on May 8th.

The Cohens have not answered and are technically in default.

The Summons and Notice of Trial stated in bold type

YOU ARE HEREBY NOTIFIED THAT TRIAL OF THE PROCEEDING COMMENCED BY THIS COMPLAINT/MOTION HAS BEEN SET FOR May 29, 1986, 11:00 o'clock a.m.

■ *At trial* the trustee represented that the matter was complex and that discovery would be necessary. He asked that the time set for trial be used as an Initial Pre-Trial Conference. Counsel for the Cohens was not opposed to this.

The Court denied the motion on the grounds it came too late, *the time of trial.*

When it is requested or the Court feels it may be necessary, an I.P.T.C. is set on proceedings. It is not done routinely on every proceeding for to do so, in the Court's opinion, would increase the number of I.P.T.C.s at least twenty-five fold (25 x). There would be thousands of them. The trustee knew, as an experienced bankruptcy attorney, by looking at the Summons and Notice of Trial, that no discovery or I.P.T.C. had been set.

Bankruptcy Rule 7026, F.R.C.P. 26, at (f), speaks to a Discovery Conference, but clearly says the Court *may* set; otherwise, it must be by motion by the attorney for any party. Certainly such a motion would come prior to trial. Further, F.R.C.P. 26 speaks throughout of one *seeking* discovery.

To arrive at trial and there seek to borrow time uses the Court, the process, and a continuously heavy calendar. Had the Court been approached upon the filing of

the complaint or even after the answer, it would gladly have proceeded otherwise. This Court follows the policy of the Eastern District of Virginia in holding trial time sacred.

The plaintiff/trustee was entitled to default judgment against the Cohens, but waived this on ethical (and commendable) grounds. The Court must conclude that the trustee and counsel for the Cohens had come to some agreement for managing the case which the Court was not privy to ... until trial. They, not the Court, were controlling the process.

■ The trustee sought to voluntarily dismiss the matter pursuant to F.R.C.P. 41. This is denied. This must be done prior to answer. Grimstead has answered; the Cohens are in default. The *time for answer has passed.*

■ The trustee was then directed by the Court to present his evidence. He did not. The Court dismissed his complaint for failure to prosecute.

Harsh remedies? I suppose sympathy can be built for that ... and let me say that the Court takes no delight in holding as it has. Yet to obtain a slice of time on the Court's docket and not use it and not tell the Court it would not be used cannot be condoned.

Be advised, an exception here will open Pandora's Box and encourage careless handling of the Court's calendar and docket.

IT IS SO ORDERED.